UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOSES VELASQUEZ, | : |
| Petitioner | : CIVIL ACTION NO. 3:21-1658 |
| v. | : (JUDGE MANNION) |
| TINA M. LITZ, WARDEN, | : |
| Respondent | : |

# MEMORANDUM

Petitioner, a pretrial detainee, housed in the Lebanon County Correctional Facility, Lebanon, Pennsylvania, filed the above caption civil rights action pursuant to 28 U.S.C. §2241. (Doc. 1). Subsequent to the filing of the petition, Velasquez, filed an application for leave to proceed *in forma pauperis.* (Doc. 8). Petitioner challenges ongoing state criminal proceedings in the Court of Common Pleas for Lebanon County. Id. The petition has been given preliminary consideration and, for the reasons set forth below, will be dismissed without prejudice. See Rules Governing Section 2254 Cases, Rule 4.[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." See Rule
*(footnote continued on next page)*

**I. BACKGROUND**

In the instant petition, Velasquez seeks release, challenging his arrest based on illegal entry of police into the residence, illegal search of Petitioner and illegal seizure of contents of pill bottles found on a table beside Velasquez. (Doc. 1).

Petitioner is currently housed in the Lebanon County Prison on one count of possession of a controlled substance and one count of use or possession of drug paraphernalia. See Commonwealth v. Velasquez, CP-38-CR-0001701-2020, Criminal Docket Sheet.

An electronic search of the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, indicates that the action Velasquez is challenging is pending in the Court of Common Pleas of Lebanon County and is awaiting trial, as a recent docket entry on September 1, 2021 states: "Order Granting Motion for Continuance / Call of the List & Trial Scheduled." Id.

---

4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**II. DISCUSSION**

Because Velasquez is a pretrial detainee, the matter is appropriately before this Court as a petition pursuant to 28 U.S.C. §2241. See Glazewski v. United States, No. 16-CV-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) (collecting cases). Federal courts have jurisdiction under 28 U.S.C. §2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975); see also Duran v. Thomas, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal

adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37(1971)). Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227,1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id. The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101,106 (3d Cir.1989). Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ...other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53–54. The exceptions are to be narrowly construed. Hall v. Pennsylvania, 2012 WL 5987142,*2 (M.D. Pa. 2012)(citing Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D. Pa. 1991)). In the present matter, it is clear that all three Younger criteria are met.

First, there is an ongoing state criminal prosecution of Petitioner, which his request for relief would interfere. Second, the state proceedings implicate the important state interest of enforcing its criminal laws. Third, Petitioner has an opportunity to raise his claims in his state criminal proceedings. Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the Younger doctrine. This Court may assume that the state procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir.1995)(citing Pennzoil Co. v. Texaco, Inc., 481 U.S.1,17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed,"[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans, 959 F.2d at 1234. It is clear that Petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. See, e.g., Everette v. Warden of Dauphin County, 2010 WL 1485722 (M.D. Pa. 2010)(holding that the Younger elements were met regarding the petitioner's

contention that his speedy trial rights were being violated by the state criminal court).

### III.    CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claim debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief. Reasonable jurists would not find this conclusion debatable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

**IV.   CONCLUSION**

For the foregoing reasons, the petitioner for writ of habeas corpus, filed pursuant to 28 U.S.C. §2254 will be dismissed without prejudice.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 13, 2021**
21-1658-01